UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA :
:
V. : Case No.: 1:21-CR-10274-LTS-1
:
CODY MERCURE :

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Cody Mercure, by and through counsel, submits this memorandum to aid the Court with imposing a sentence that is "sufficient, but not greater than necessary" to achieve the sentencing objectives outlined in 18 U.S.C. § 3553 (a). For the reasons described below, Mr. Mercure requests a sentence of 15 years of incarceration, followed by a lifetime of supervised release, a mandatory special assessment of $200, and restitution in an amount to be determined by this Court.

## I. BACKGROUND

Mr. Mercure was initially arrested by state authorities on April 7, 2021 and charged in the Taunton District Court, where he ordered held without bail.[1] He was indicted just weeks later in Bristol County Superior Court with three counts of Rape of a Child, Aggravated by a Five Year Age Difference in violation of M.G.L. c 265, § 23A; one count of Indecent Assault and Battery on a Child Under 14 in violation of M.G.L. c 265, § 13B; and one count of Possession of Child Pornography in violation of M.G.L. c 272, § 29C. He was arraigned in Superior Court on June 15, 2021. He admitted guilt to all charges there, without the benefit of a plea agreement, on February 17, 2023, is scheduled for sentencing on June 16, 2023.

The government filed a two-count indictment against Mr. Mercure in this Court on September 15, 2023, charging Sexual Exploitation of Children in violation of 18 U.S.C. § 2251

---

[1] PSR, ¶.1.

(a) and (e) and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A (a)(2)(A). He initially appeared on September 22, 2021 and was also ordered to remain detained.[2] On January 24, 2023, he pleaded guilty to the indictment,[3] also without the benefit of a plea agreement.[4] The Court accepted his pleas and adjudged him guilty.[5] Sentencing is scheduled for April 24, 2023 at 2 pm.

## II. THE PRESENTENCE REPORT

U.S. Probation issued its final presentence report (PSR) related to this case on April 18, 2023. The PSR calculates Mr. Mercure's total offense level at 42[6] with a criminal history category of II.[7] Accordingly, his advisory sentencing guidelines range is 360 months to life imprisonment. The Defense has no legal objections to the final PSR.

## III. SENTENCING FACTORS AND CONSIDERATIONS

The District Court is required to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553 (a). *United States v. Booker*, 543 U.S. 220 (2005). Sentencing should begin with a calculation of the applicable sentencing guidelines range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) (*citing Rita v. United States*, 127 S. Ct. 2456, 2480 (2007)). The guidelines calculation is a starting point and initial benchmark for the Court to consider, however, it is not the only sentencing consideration. *Id.*

A Court may not presume the guidelines range is reasonable but must make an individualized assessment of each defendant based upon the facts presented in each case. *Gall,*

[2] *Id*.
[3] PSR, ¶.2.
[4] PSR, ¶.3.
[5] *Id*.
[6] PSR, ¶.53.
[7] PSR, ¶.60.

128 S. Ct. at 597 (emphasis added). After both parties are afforded an opportunity to argue for whatever sentence they deem appropriate, the Court must then consider the factors[8] of 18 U.S.C. § 3553 (a) to determine the most appropriate sentence. *Id*. In the instant case, Mr. Mercure asks the Court to consider the following when determining his sentence.

**A. <u>Acceptance of Responsibility</u>**

The timing, manner, and scope of Mr. Mercure's acceptance of responsibility is worthy of careful consideration. Following his arrest, Cody waived his legal rights and provided police with a full confession about this misconduct. Once indicted in both state and federal courts, he never applied for pretrial release, thereby resigning to the severity of his circumstances. He then admitted guilt to all charges in both jurisdictions without the benefit of a plea agreement. The majority of people accused of sex crimes often initially deny criminal responsibility. Mr. Mercure falls within the minority population, given his early and consistent acceptance of responsibility throughout the pendency of his cases. This affords great insight into his potential for rehabilitation, which the Court should carefully weigh when adjudging sentence.

---

[8] To determine an appropriate sentence that is sufficient, but not greater than necessary, the Court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed:
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
(5) any pertinent policy statement issued by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553 (a).

**B. Criminal History**

Mr. Mercure has no meaningful criminal history.[9] He is presently age 25. The prior misconduct listed in the PSR dates back to when he was a juvenile or very young adult. The juvenile incident was at 16, whereas at age 19, he was found responsible for both Leaving the Scene of Property Damage[10] and Breaking and Entering.[11] Both matters were resolved with non-conviction (Continuation Without a Finding) dispositions, underscoring that they were minor, mischievous incidents which should carry very little weight in this Court's important sentencing calculus. The instant case (and the related matter pending in Superior Court) represent(s) Mr. Mercure's first significant experience with the criminal justice system, to include incarceration. While his pending offenses are beyond serious, this young man stands before the Court with virtually no criminal record and ought to be considered a first-time offender.

Mr. Mercure also asks the Court to consider the sentencing exposure that he has in Superior Court for his related guilty pleas there. As for each of the child rape allegations, he faces a mandatory minimum state prison term of 10 years and a maximum of life. Under state law, he will be ineligible for parole, early release, or good time credit toward this anticipated sentence. He must serve a total of 3650 days for this particular offense. *See* M.G.L. c 265, § 23A (c). As for the indecent assault and battery on a child charge, he faces up to 10 years in state prison. *See* M.G.L. c 265, § 13B. Lastly, he faces 5 additional years in state prison for possessing child pornography. *See* M.G.L. c 272, § 29C. The Defense asks the Court to take this into consideration when adjudging his federal sentence.

---

[9] PSR, ¶.67.
[10] PSR, ¶.56.
[11] PSR, ¶.57.

### C. Forms of Childhood Abuse

Mr. Mercure was the victim of various unfortunate circumstances as a child and adolescent. His father was a cocaine addict.[12] At age 10, their relationship ended for years,[13] until they rekindled, but has remained estranged since Cody was age 18.[14] Once his parents divorced, his mother remarried. Cody and his stepfather never got along. Mr. Mercure described being a victim of both verbal and physical abuse by his stepfather,[15] some of which prompted DCF intervention.[16] Mr. Mercer's mother, Patricia Gemma, is still married to Ronald Gemma today. Mr. Gemma delivered an oral statement to the Bristol County Superior Court, adverse to Cody, at the change of plea hearing there in February 2022. This, along with Mrs. Gemma's verbal account to U.S. Probation,[17] substantiates the longstanding acrimony that began between Mr. Gemma and Cody nearly 15 years ago, and continues today.

Aside from an unsettled home life, Mr. Mercure was also repeatedly subjected to sexual abuse, over time, and at the hands of multiple offenders. The abuse began when he was very young by both a paternal uncle and a cousin.[18] This was discovered some years later when Cody began outwardly exhibiting signs of inappropriate behavior.[19] Cody also reported that another older cousin sexually abused him in the form of mutual oral sex.[20] Lastly, he reported that a fourth person, the son of his father's girlfriend, also sexually assaulted him.[21] Mr. Mercure never received timely and adequate treatment for his sexual abuse. Mom took him at age 6 for therapy,

---

[12] PSR, ¶. 68.
[13] *Id.*
[14] PSR, ¶.74.
[15] PSR, ¶.69.
[16] PSR, ¶.70.
[17] PSR, ¶.69.
[18] PSR, ¶.72.
[19] *Id.*
[20] *Id.*
[21] *Id.*

but dad quickly put a stop to it, claiming that such was a topic that ought not be talked about.[22] Had Cody received the therapy that his mother intended, perhaps he would not be presently before the Court today as a convicted sex offender.

**D. <u>Mental Health Problems</u>**

Mr. Mercure has a longstanding history with mental health problems. He attended weekly therapy up to age 16 for what are described as behavioral problems. These problems are further evidenced by his juvenile criminal history and challenges in school. The juvenile case stemmed from him having a knife in school, prompting a short term expulsion.[23] His problematic behavior, influenced by his mental health issues, began inelementary school, resulting in approximately 10 individual suspensions.[24] He received an individualized education plan, was sent to Bradley Children's Hospital for neuropsychological testing, and was diagnosed with ADHD and ADD.[25]

Mr. Mercure's mental health history also includes multiple suicide attempts. He began self-injurious behavior at age 14 by both cutting and burning himself. This self-destructive behavior evolved into attempting suicide on multiple occasions and in multiple ways to include overdosing on prescription medication, an attempted hanging, and even with a firearm, which malfunctioned. Mental health illness still persists today. Once jailed in April 2021, Mr. Mercure was placed on suicide watch at the Bristol County House of Corrections on two occasions: first in April 2021, and again in December 2021.[26] He has not had any more suicidal ideations or attempts to end his life since that time.

---

[22] PSR, ¶.73.
[23] PSR, ¶.96.
[24] *Id.*
[25] *Id.*
[26] PSR, ¶.87.

Mr. Mercure's diagnosis today includes depression, anxiety, ADHD, ADD, pedophilic disorder, and hypersexual disorder. He is also currently prescribed various anti-psychotic medications. It is without question that Mr. Mercure has severe mental illnesses, which require consistent, focused, long-term treatment. He is eager to be sentenced so that he can receive this much needed treatment, which is not available in pretrial custody.[27]

**E. <u>Substance Abuse</u>**

Mr. Mercure also has a longstanding history with substance abuse that dates back to age 12.[28] Though he has only been of a legal drinking age for approximately 4 years, Mr. Mercure began using alcohol 13 years ago, and characterized himself as an alcoholic at age 17.[29] He tried marijuana at age 13, and from age 15 until April 2021, he was smoking the substance on a daily basis.[30] He also used and abuse various prescription pills, crack cocaine, ecstasy, methamphetamines, and heroin.[31]

For a young man, Mr. Mercure has had considerable experience with substance abuse, such that he is lucky to be alive. He apparently survived three overdoses,[32] one of which prompted a friend to administer to him life-saving measures.[33] Notwithstanding, Cody admittedly still has urges to use illicit substances and never received the proper treatment for his long standing addictions.[34] He is committed to using his time while incarcerated to receive this substance treatment so that he may maintain a life of sobriety, if and when he is placed on

[27] PSR, ¶.88.
[28] PSR, ¶.92.
[29] *Id*.
[30] *Id.*
[31] *Id.*
[32] PSR, ¶.93.
[33] *Id.*
[34] PSR, ¶.94.

supervised release. As such, he seeks a judicial recommendation for his placement in the BOP's Residential Drug Abuse Program (RDAP).

**F. STATISTICAL SENTENCING DATA**

The government's sentencing memorandum contains some historical cases that it asks the Court to consider when adjudging sentence in this case. In response, the Defense asks the Court to consider the following sentencing statistics contained within the U.S. Sentencing Commission Statistical Information Packet, Fiscal Year 2021, First Circuit.[35] According to the report, the national mean sentence of child pornography offenders in 2021 was 108 months, whereas the mean sentence for such offenders in the First Circuit was 95 months.[36] The national mean sentence that year for sexual abuse offenders was 211 months, whereas the First Circuit mean was 212 months.[37] In both instances, these historical sentences fall considerably below the advisory sentencing guidelines range in Mr. Mercure's case.

The Court may also wish to consider the U.S. Sentencing Commission Statistical Information Packet, Fiscal Year 2021, District of Massachusetts.[38] In Table 7 of this report, the average sentence imposed upon child pornographers in 2021 was 107 months, which was closely aligned with the national average of 108 months. Conversely, the average sentence imposed against sexual abusers was 275 months, considerably higher than the national average of 211 months. Notwithdtanding, both numbers even within the District of Massachusetts are well below Mr. Mercure's advisory guidelines range.

---

[35] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2021/1c21.pdf
[36] *Id*. at Table 7.
[37] *Id*.
[38] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2021/ma21.pdf

When considering these statistics and this Court's obligation to avoid unwarranted sentencing disparities, the Defense emphasizes Mr. Mercure's young age, minor criminal history, history of sexual abuse, drug abuse, and mental health problems, full acceptance of responsibility, and potential for rehabilitation, as outlined in the psysho sexual evaluation filed with the Court under seal.

## IV. MISCELLANEOUS REQUESTS

Mr. Mercure asks the Court to recommend to the BOP that he be allowed to serve his jail sentence in a facility as close to Massachsuetts as possible to afford him the opportunity to receive visitation from friends and family. He also requests recommendations for placement in both the Residential Sex Offender Treatment Program (SOTP)[39] and Residential Drug Abuse Program (RDAP). Lastly, he asks this Court to order that any sentence imposed run concurrently with the anticipated sentence to be imposed by the Bristol County Superior Court.

## V. ATTACHMENTS

A. Resume;

B. School Material;

C. Volunteer and Boy Scout Info;

D. Statements of Support;

E. Photos.

## VI. CONCLUSION

Based upon the foregoing, Mr. Mercure respectfully asks the Court to impose a sentence of 15 years of incarceration, followed by a lifetime of supervised release, a mandatory special

[39] This program is available at FMC Devens.

assessment of $200, and restitution in an amount to be determined by this Court., which he contends is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C. §

Respectfully submitted,

/s/ John L. Calcagni III, Esq.

John L. Calcagni III (# 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Third Floor
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email: jc@calcagnilaw.com

**CERTIFICATION**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 23, 2023.

/s/ John L. Calcagni III, Esq.
John L. Calcagni III (# 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Third Floor
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email: jc@calcagnilaw.com